DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ARROW-POCONO LINES, INC.,  )  <br> ) <br> **Plaintiff,**  ) <br> ) <br> v.  ) <br> ) <br> LOWELL LAND, LLC and  ) <br> DONALD PENTA,  ) <br> ) <br> **Defendants.**  ) <br> ) | Civil Action No. 2014-0006 |

**Attorneys:**
**Scot F. McChain, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff Arrow-Pocono Lines, Inc.*

**Mark W. Eckard, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Lowell Land, LLC*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on "Plaintiff's Amended Motion for Summary Judgment," filed on June 10, 2015 by Plaintiff Arrow-Pocono Lines, Inc. ("Arrow-Pocono") against Defendant Lowell Land, LLC ("Lowell"). (Dkt. No. 44).[1] For the reasons discussed below, the Court will grant Arrow-Pocono's Amended Motion for Summary Judgment on the issue of Lowell's liability on the debt and foreclosure causes of action, and will deny the Motion, without prejudice, as it pertains to the amount of damages owed by Lowell.

---

[1] Plaintiff's Motion is in reality one for partial summary judgment because it does not address the priority of liens issue raised in Plaintiff's Amended Complaint. *See* pp.4-5, *infra*.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On March 20, 2014, Arrow-Pocono filed a Complaint against Lowell alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). The Complaint alleges that, on March 15, 2012, Lowell executed and delivered a promissory note (the "Note") in favor of Arrow-Pocono in the principal sum of $567,500.00, together with interest at a rate of 6.00% per annum, payable in consecutive monthly installments of $4,065.75 beginning on April 15, 2012. The Note also provides that Lowell would make a final balloon payment of all interest, principal and other charges owed under the Note by March 15, 2015. (Dkt. No. 1, ¶ 4). To secure payment of the indebtedness to Arrow-Pocono under the Note, Lowell executed a "priority mortgage" dated March 15, 2012 (the "Mortgage") over the Property, described as:

> Plot No. 38 (0.994 U.S. acre, more or less) and Plot No. 40 (0.930 U.S. acre, more or less) both of Estate Southgate, East End Quarter "A", as shown on OLG Drawing No. 845, dated October 8, 1959, and revised March 8, 1967.

*Id.* ¶ 6.

The Complaint further alleges that Lowell failed to comply with the terms and conditions of the Note and Mortgage, and was in default under those instruments, despite demand, for failing to pay principal and interest when due as well as homeowner association dues and taxes. *Id.* ¶ 7. Consequently, Arrow-Pocono declared due the entire unpaid principal sum with all accrued interest and late charges. *Id.* ¶ 8.

As relief, Arrow-Pocono seeks judgment: declaring that Lowell defaulted on the Note and Mortgage; declaring the outstanding debt due and awarding Arrow-Pocono unpaid principal and interest; foreclosing its "priority lien" and any junior liens; granting it or the purchaser possession of the Property at the foreclosure sale; appointing a receiver, if one is sought;

awarding costs and fees associated with protecting its rights in the Property; and allowing it to recover any deficiency from Lowell. *Id.* at 3-5.

Lowell was served with the Summons and Complaint on April 9, 2014. (Dkt. No. 3). It filed an Answer on May 27, 2014, asserting eleven affirmative defenses. (Dkt. No. 4). On June 25, 2014, Arrow-Pocono filed a Motion for Summary Judgment, along with a Memorandum of Law and Statement of Undisputed Facts. (Dkt. Nos. 6, 6-1).

In July 2014, Lowell filed a "Motion to Deny Plaintiff's Motion for Summary Judgment to Allow Time for Discovery Pursuant to Fed. R. Civ. P. 56(d)." (Dkt. No. 7). In its Motion, Lowell sought discovery under Rule 56(d), asserting that no discovery had been taken in this action. As a result, it did not have a chance to probe Plaintiff's claims, nor did it have a chance to take discovery in connection with its eleven affirmative defenses. (Dkt. No. 7-2). In its Reply, Arrow-Pocono observed that Lowell had not claimed that there was a genuine issue of material fact as to any of the underlying facts that established Plaintiff's entitlement to foreclose on the Property. (Dkt. No. 9 at 2-3). Arrow-Pocono also argued that if the Court chose to grant Lowell's Rule 56(d) request, it should appoint a receiver to collect rents pursuant to Paragraph 29 of the Mortgage so as to avoid waste and loss of value. *Id.* at 4-6.[2]

On August 12, 2014, the Magistrate Judge of this Court issued a Scheduling Order, in which he, *inter alia*, set a November 26, 2014 deadline for fact discovery. (Dkt. Nos. 20, 22).[3]

---

[2] In its subsequent "Urgent Motion for Expedited Ruling on Plaintiff's Motion for Summary Judgment and/or Defendant's Motion for Stay Pending Discovery," filed on September 2, 2014 (Dkt. No. 23), Arrow-Pocono affirmatively sought the appointment of a receiver. The issue of a receiver has been referred to the Magistrate Judge for resolution. (Dkt. No. 41).

[3] Arguably, the issuance of a Scheduling Order by the Magistrate Judge provided Defendant with the opportunity to undertake discovery during the pendency of Arrow-Pocono's Summary Judgment Motion, thus effectively affording the discovery sought by Lowell's Rule 56(d) Motion. However, at a status conference held on June 9, 2015, Lowell argued that a bankruptcy

Lowell did not file a substantive response to Arrow-Pocono's Motion for Summary Judgment based on any information obtained through discovery or otherwise.[4]

On September 22, 2014, Lowell filed a "Notice of Bankruptcy Filing of Members of Lowell Land, LLC" in which it notified the Court that Theodore W. Thomes and Renee M. Thomes—"the 100% owner(s) of [Lowell]"—had filed a voluntary bankruptcy petition in Maine in August 2014 under Chapter 13 of the Bankruptcy Code. (Dkt. No. 26). In response, Arrow-Pocono filed a "motion to Strike Suggestion of Bankruptcy," pointing out that the Lowell partners, not the corporation, had filed for Chapter 13 bankruptcy. (Dkt. No. 27). Subsequently, on April 9, 2015, Arrow-Pocono filed "Notice of Order Granting Motion for Release from Stay." (Dkt. No. 35). Attached to the filing was an Order from the District of Maine Bankruptcy Court providing that, although the Property was not part of the Debtors' estate, Arrow-Pocono was granted relief from the automatic stay to pursue any and all rights and remedies against the Property, including a foreclosure sale. (Dkt. No. 35-1).

On October 31, 2014, Arrow-Pocono filed a Motion to Amend its Complaint to add Donald Penta, an alleged junior lienholder, as a Defendant pursuant to 28 V.I.C. § 532. (Dkt. No. 30). The proposed Amended Complaint asserted that Plaintiff's lien on the Property was filed on

---

filing, discussed below, automatically stayed the proceedings in this Court. Arrow-Pocono disagreed, maintaining that the bankruptcy filing did not involve the Defendant corporate entity. In view of the parties' agreement as to how this case will proceed going forward, the Court need not address further the parties' disagreement regarding the effect of the bankruptcy filing.

[4] On January 14, 2015, Arrow-Pocono filed a "Motion for Expedited Ruling on Unopposed Motion for Summary Judgment." (Dkt. No. 34). In that motion, Arrow-Pocono noted that the discovery period had expired "without Defendant conducting any discovery other than a mutual exchange of Rule 26 disclosures," and that the Court should grant its motion for Summary Judgment. *Id.* On April 27, 2015, Arrow-Pocono filed a "Third Motion for Expedited Ruling on Unopposed Motion for Summary Judgment." (Dkt. No. 37). Lowell did not respond to either motion. The Court denied these motions as moot by Order dated June 9, 2015. (Dkt. No. 41).

March 19, 2012, and Defendant Penta's lien for $508,723.00 was filed on or about April 10, 2013. (Dkt. No. 30-1, ¶¶ 14, 15). The only difference between the original Complaint and the Amended Complaint was the addition of Penta as a Defendant, along with the allegations supporting Arrow-Pocono's assertion that Penta was a junior lienholder and seeking foreclosure of his lien along with Plaintiff's lien.

On November 25, 2014, the Court granted Arrow-Pocono's Motion to Amend its Complaint. (Dkt. No. 33). The Order directed that Arrow-Pocono file its Amended Complaint "forthwith." *Id*. However, Arrow-Pocono did not file its Amended Complaint until June 3, 2015. (Dkt. No. 38).

On June 9, 2015, the Court held a status conference to clarify the procedural posture of this case, given that Arrow-Pocono's Motion for Summary Judgment on the original Complaint was outstanding, but an Amended Complaint had been filed and Defendant Penta had not been served. Following a colloquy with the Court, Arrow-Pocono stated that it would serve Penta and file the affidavit of service within five days. Arrow-Pocono and Lowell agreed that Plaintiff would also resubmit its current Motion for Summary Judgment on the original Complaint as a Motion for Partial Summary Judgment on the Amended Complaint, and that following the Court's ruling thereon, the parties would address remaining issues. Lowell acknowledged that there was no challenge to the legitimacy of Arrow-Pocono's claim that Lowell was liable on the debt and foreclosure causes of action, but that there was an outstanding question regarding the amount of damages. Based on the colloquy at the status conference, the Court entered an Order directing Plaintiff to serve Penta and to file the Motion for Partial Summary Judgment within five days (Dkt. No. 40), and another Order resolving the outstanding motions that had been filed

in connection with the original Complaint and initial Motion for Summary Judgment. (Dkt. No. 41).

On June 10, 2015, Arrow-Pocono filed its affidavit of service showing that Penta was served on June 9, 2015 with a copy of the Amended Complaint. (Dkt. No. 45).[5] Also on June 10, 2015, Plaintiff refiled its original Motion for Summary Judgment as an Amended Motion for Summary Judgment. (Dkt. No. 44).[6] In its Memorandum of Law, Arrow-Pocono asserts that: it loaned Lowell $567,500.00 to purchase the Property, as evidenced by the Note executed on March 16, 2012; Lowell executed and delivered to Arrow-Pocono a Mortgage executed on the same day to secure Lowell's obligations to repay Arrow-Pocono under the Note; as of January 28, 2014, Lowell defaulted on the Note due to non-payment in the amount of $22,842.00; Lowell was also in default for failure to pay property taxes and homeowner association fees, and for failing to allow a receiver to be appointed to collect rents; a Notice of Default was mailed to Lowell; the cure period expired and the default was not cured; and Arrow-Pocono accelerated the debt due. *Id.* at 1-2. As a result, Arrow-Pocono argues that all preconditions to the debt and foreclosure claims have been met under the Note and Mortgage. *Id.* at 2. Arrow-Pocono adds that, by letter sent to Lowell's counsel, it requested that a receiver be appointed. However, there was no response, indicating that Lowell refused to allow a receiver to collect rents, thus constituting a further default under the Note and Mortgage. *Id.* at 3.

Arrow-Pocono also included a payment history/statement of account of the Note at issue, as of January 15, 2014. (Dkt. No. 44-1). The payment history recorded payments made by

---

[5] With the consent of Penta, the Amended Complaint was served on his attorney, Michael Sanford, Esq. (Dkt. No. 45).

[6] Except for the addition of Penta as a new party in the caption, all aspects of the Amended Motion are identical to the original Motion for Summary Judgment. (Dkt. No. 44 at 1).

Lowell beginning in April 2012, and showed a $22,842.00 outstanding balance due as of January 15, 2014. *Id.* The payment history indicates that Lowell made a total of $67,404.50 in payments between April 2012 and November 2013, and that additional arrearages are due on the Property—2012 taxes, and homeowner association fees through 2013—totaling $9,491.74. *Id.*

## II. DISCUSSION

### A. Summary Judgment Standard

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Klein v. Weidner,* 729 F.3d 280, 283 (3d Cir. 2013) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2013) (internal quotation marks omitted). The non-moving party '"must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [ ] vague statements.'" *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)).

To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In

reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).

In order to "prevail on a foreclosure claim, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note." *Anthony v. FirstBank Virgin Islands*, 2013 WL 211707, at *5, 58 V.I. 224 (V.I. 2013) (quoting *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009)); *see also* Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract). "'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)).

**B. Analysis**

Arrow-Pocono has submitted a copy of the Note, dated March 15, 2012 and executed by Theodore W. Thomes, Managing Member of Lowell Land, LLC, in which Lowell promised to pay Arrow-Pocono the principal sum of $567,500.00 together with interest at a rate of 6.00% per year. (Dkt. No. 44-1 at 3-4). Arrow-Pocono also submitted a copy of the First Priority Mortgage, dated March 15, 2012 and executed by Theodore W. Thomes, Managing Member of Lowell Land, LLC, to secure payment on the Note *Id.* at 5-17. Based on the foregoing, Arrow-Pocono has shown that Lowell, by way of its Managing Member Theodore W. Thomes, executed the

Note and Mortgage. Accordingly, there is no genuine dispute of material fact as to whether Lowell executed these documents, and Arrow-Pocono has satisfied the first requirement to succeed on a debt and foreclosure claim in the Virgin Islands.

Arrow-Pocono has also provided evidence that Lowell is in default on the Note and Mortgage for failing to make payments due under those documents, and that it may foreclose on the Property. Arrow-Pocono sent a letter dated September 24, 2013 to Lowell c/o Mr. Theodore Thomes, in which it set forth an accounting on the Note showing that Lowell was $14,759.00 in arrears. *Id.* at 28-30. Arrow-Pocono also sent a letter dated January 28, 2014 to Lowell c/o Mr. Thomes via regular mail, certified mail, and Federal Express, in which Lowell was notified that it was in default under the terms of the Mortgage and Note and was advised that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage. *Id.* at 18-23.

The Note provides that "[i]f default is made in the payment under this Note, and if such default is not cured within twenty (20) days of written notice of such default . . . the entire unpaid principal balance and all accrued interest shall at once become due and payable without further notice[.]" *Id.* at 4. The Mortgage provides that, in the event of default, Arrow-Pocono may: (a) "declare the entire unpaid principal balance and all other indebtedness evidenced by the Note and/or secured by this Mortgage to be immediately due and payable. . ." and (b) "proceed to foreclose this Mortgage and to protect and enforce its rights by any action at law, suit in equity or other appropriate proceeding[.]" *Id.* at 10. The Mortgage further provides that Arrow-Pocono may "foreclose the lien of this Mortgage as against all or any part of the Property." *Id.* at 11. Arrow-Pocono has thus satisfied the second and third requirements for a debt and foreclosure claim.

The Court finds that this evidence is sufficient to shift the burden to Lowell to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in [its] favor" regarding Arrow-Pocono's debt and foreclosure causes of action. *Hart,* 717 F.3d at 148. Lowell has never asserted that a genuine issue of material fact exists as to liability on the debt and foreclosure actions. The absence of any such genuine issue was acknowledged by counsel for Lowell at the June 9, 2015 status conference.

In the absence of a genuine issue of material fact as to liability, Arrow-Pocono has satisfied the requirements to prevail on its debt and foreclosure causes of action under Virgin Islands law, *see Anthony*, 2013 WL 211707, at *5. Accordingly, summary judgment as to liability on those causes of action is appropriate.

While Arrow-Pocono has demonstrated that there is no genuine issue of material fact regarding Lowell's liability on its debt and foreclosure causes of action, Arrow-Pocono has failed to prove the amount of its damages. Plaintiff has provided a payment history/statement of account as of January 15, 2014 which shows, *inter alia*, the total amount of payments due as of that date ($89,446.50); the total amount of payments received ($67,404.50); total late fees ($800.00); and outstanding delinquent balance ($22,842.00). (Dkt. No. 44-1 at 24). The payment history also shows 2012 taxes due, and homeowner association fees due through 2013, totaling $9,491.74. *Id.* However, in its proposed Judgment of Foreclosure, Arrow-Pocono seeks judgment in the amount of $567,500.00—the amount of the Note—without any apparent offset for the payments made by Lowell, and without any addition of sums that may be due for taxes, homeowner association fees, interest, and other fees and costs that may be owed by Lowell.

In view of the foregoing, the Court will grant the Amended Motion for Summary Judgment on the issue of Lowell's liability on Arrow-Pocono's debt and foreclosure causes of

action but will deny, without prejudice, the motion on the amount of damages pending further submissions by the parties. *See* Fed. R. Civ. P. 56(g) (court may partially grant summary judgment as to facts not genuinely in dispute); *Russell v. Barnes Foundation*, 136 F.2d 654, 654 (3d Cir. 1943) (noting that district court had granted summary judgment as to liability but "ordered that the case proceed to trial for the determination of the amount of damages to which the plaintiff is entitled"); 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2736 (3d. ed. 2011) ("[W]hen there is a genuine issue as to damages but not as to the ultimate liability of the nonmoving party, an interlocutory summary judgment is appropriate."); 27A Fed. Proc., L. Ed. § 62:687 (2012) ("Under Fed. R. Civ. P. 56[g], an interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.").

### III. CONCLUSION

Because Arrow-Pocono has demonstrated that it is entitled to summary judgment against Lowell as to liability on its debt and foreclosure causes of action, the Court will grant in part Arrow-Pocono's Amended Motion for Summary Judgment. (Dkt. No. 44). However, because Arrow-Pocono has failed to adequately prove the amount of damages due under its debt and foreclosure causes of action, the Court will deny in part, without prejudice, the Amended Motion for Summary Judgment.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 16, 2015  _____/s/_____
　　　　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　　　　Chief Judge